THE LAWYERS' CO-OPERATIVE PUBLISHING CO., querellante y apelante, *v.* JUAN LASTRA, querellado y apelado.

No. 6118.—*Sometido:* Febrero 1, 1934. *Resuelto:* Julio 28, 1934.

*J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la apelante; *Juan Lastra,* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La corte inferior dictó sentencia contra The Lawyers' Co-operative Publishing Co. Se conviene en este recurso en que durante los años 1924–1925 The Lawyers' Co-operative Publishing Co. vendió al Lic. Juan Lastra ciertos libros de derecho por la suma de $615. Dicho comprador durante el período comprendido entre el 1º. de julio de 1924 a mayo de 1927

pagó la cantidad de $145 a cuenta del precio de la compra-venta.

El 26 de enero de 1931 la apelante presentó a Juan Lastra un contrato que éste firmó y que por su forma participaba de uno de venta condicional de libros. El documento exigía de la apelante que remitiera ciertos libros por los cuales el adquirente convenía en pagar determinadas sumas. Entonces se describían los libros y eran nominalmente los mismos que ya se habían entregado. Entonces se especifica el saldo adeudado. Ahora bien, era enteramente claro que con posterioridad a la fecha del contrato condicional no se enviaron más libros a Juan Lastra. Libros que se describían en igual forma ya estaban en su poder y eran de su propiedad con anterioridad, por lo menos, a la fecha en que se firmó el contrato. El aludido contrato especificaba el pago de la suma de $10 mensuales y el apelado había dejado de pagar $110 que ya estaban vencidos.

La corte resolvió que no se había hecho la entrega de los libros especificados en el contrato y que por ende no surgía ninguna venta condicional que retuviera el título en poder de la vendedora. La apelante sostiene, en efecto, que las partes pueden celebrar cualquier contrato que deseen; que cuando Juan Lastra firmó el contrato admitió que el título correspondía a la demandante y apelante.

Los libros eran propiedad de Juan Lastra en el momento en que se firmó el contrato. Nada hay en el documento escrito que demuestre la intención de parte de los contratantes de despojar a Lastra del título e investir del mismo a The Lawyers' Co-operative Publishing Co. Conforme la corte dijo y según hallamos, el texto del contrato exigía la entrega de libros.

Durante el juicio se desprendió que las partes no habían tenido conversación alguna relativa al traspaso o reversión del título. Juan Lastra dijo que no leyó el contrato sino que lo firmó con la idea de que simplemente convenía en efectuar los pagos. Por otra parte, el Sr. Barry dijo que el docu-

mento fué presentado a Lastra como un contrato condicional. Al preguntársele si explicó al demandado que los libros podían ser recuperados si no se efectuaban los pagos, el testigo dijo que el contrato hablaba por sí mismo y que el demandado lo leyó.

De la prueba aportada no podemos concebir ninguna idea de que hubiera una clara conjunción de voluntades respecto a que el título revertiría a la compañía. Con toda probabilidad si el apelado hubiese tenido la idea de que el título pasaba a la apelante, él no lo hubiera firmado. Como el contrato por su forma especificaba una entrega futura que no fué efectuada, incumbía a la compañía demostrar que fué la intención de las partes que el título en realidad retornara a la compañía. Esto no se demostró a satisfacción de la corte inferior y *la sentencia debe ser confirmada.*